

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. __00-6045-Cr-HURLEY__ |
| | ) | Magistrate Judge |
| v. | ) | |
| THOMAS RANUM, | ) | |
| Defendant. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **THE STANDING DISCOVERY ORDER** |

   The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

   A.  1.  The government is unaware of any written or recorded statements made by the defendant(s).

       2.  The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

       3.  No defendant testified before the Grand Jury.

       4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



5. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. See ATTACHMENT A.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

The defendant was identified in a [six-person lineup] [show up shortly after the commission of the charged offense] [six-person photo spread]. A copy of the [photograph of the lineup proceeding] [photo spread] is attached hereto.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made

available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time:    3/15/95    COMMERZ BANK
    Date:
    Place:   Germany

ATTACHMENT A

1. Barnett Bank statements
1A. Cancelled checks of Tom H. Ranum
2. Cabrio Partner Equity letter - Fax 3/24/95
3. TR Motorsport letter   3/23/95
4. TR Motorsport telefax  3/24/95
5. TR Motorsport telefax  3/25/95
6. TR Motorsport telefax  3/29/95
7. TR Motorsport letter   3/95
8. TR Motorsport letter   3/24/95
9. Cabrio Partner fax letter 6/6/95
10. TR Motorsport fax letter   3/3/95
11. Schedule of receipts & disbursements
12. Photos of Porsche and contract and cashiers checks
13. Copy of Ranum check #380
14. Barnett check 505 637613
15. Record of Gulf Refinance Center
16. Bache leasing records
17. Copy of Letter Rogatory Interviews of witnesses in Germany

The attachments to this response are numbered pages 1 - 5. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
JEFFREY H. KAY
Assistant United States Attorney
Florida Bar No. 208035
500 E. Broward Blvd. 7th Flr.
Ft. Lauderdale, Fl 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 27 day of March, 2000, to Marty Bidwell, Esq., Asst. Federal Public Defender, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl. 33301.

_____
JEFFREY H. KAY
Assistant United States Attorney

4