UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6045-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs

THOMAS RANUM,

    Defendant.

_____/

### DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on April 4, 2000, a hearing was held to determine whether the Defendant, Thomas Ranum, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, it is hereby ordered that the Defendant, Thomas Ranum, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with wire fraud. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. In 1995, the Defendant defrauded Mr. Shute, a German who was attempting to purchase a rare Mercedes. The Defendant posed as a broker for the deal. On March 15, 1995, Mr. Shute



gave the Defendant one hundred and ninety-five thousand ($195,000) dollars to buy the vehicle. The Defendant kept the money and never purchased the vehicle for Mr. Shute. He defrauded two (2) English Businessmen by a similar scheme in 1994. There was a ninety thousand ($90,000) dollar fraud loss in that scam. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: The Defendant is a citizen of Norway and frequently travels to the United States. The Defendant is illegally within the United States. He is married to a Paraguayan National. He has a prior conviction for fraud in Germany. He travels all over the world and has no real full time employment. He claims to own a "consulting business". He has stocks worth fifty thousand ($50,000) dollars in Norway. He has overdrafted his United States bank account by two thousand ($2,000) dollars. He is in good health and denies substance abuse. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the Defendant's illegal status and lack of ties to the United States, the undersigned believes that he would not appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required. 18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by the preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the

confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 7th day of April, 2000 in West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record